UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CRUCIBLE MATERIALS CORPORATION,

                         Plaintiff,
v.                                           5:97-CV-759

AETNA CASUALTY AND SURETY COMPANY; and
CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON, AND LONDON MARKET COMPANIES,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| KIRKPATRICK & LOCKHART PRESTON GATES<br>  ELLIS L.L.P.<br>Attorneys for Plaintiff<br>1500 Oliver Building<br>Pittsburgh, Pennsylvania 15222 | THOMAS E. BIRSIC, ESQ.<br>JAMES E. SCHEUERMANN, ESQ.<br>JOHN K. BAILLIE, ESQ. |
| HANCOCK & ESTABROOK, L.L.P.<br>Attorneys for Plaintiff<br>1500 MONY Tower I<br>Syracuse, New York 13221 | ALAN J. PIERCE, ESQ. |
| SIMPSON THACHER & BARTLETT L.L.P.<br>Attorneys for Defendant Aetna Casualty and<br>  Surety Company<br>425 Lexington Avenue<br>New York, New York 10017 | ROBERT H. SMIT, ESQ.<br>BARRY R. OSTRAGER, ESQ.<br>ELISA ALCABES, ESQ.<br>KATHERINE M. SCANLON, ESQ. |
| WAYMAN, IRVIN & McAULEY, L.L.C.<br>Attorneys for Defendant Aetna Casualty and<br>  Surety Company<br>1624 Frick Building<br>Pittsburgh, Pennsylvania 15219 | BERNARD J. McAULEY, ESQ. |
| MACKENZIE HUGHES L.L.P.<br>Attorneys for Defendant Aetna Casualty and<br>  Surety Company<br>101 South Salina Street<br>P.O. Box 4967<br>Syracuse, New York 13221-4967 | STEPHEN T. HELMER, ESQ. |

| | |
|---|---|
| BAACH ROBINSON & LEWIS, P.L.L.C.<br>Attorneys for Defendants Certain Underwriters at<br>  Lloyd's, London, and London Market Companies<br>1201 F Street, NW<br>Suite 500<br>Washington D.C. 20004 | BRUCE R. GRACE, ESQ. |
| SUGARMAN LAW FIRM L.L.P.<br>Attorneys for Defendant London Market Companies<br>360 South Warren Street<br>HSBC Center<br>Syracuse, New York 13202 | TIMOTHY PERRY, ESQ. |

DAVID N. HURD
United States District Judge

## **MEMORANDUM-DECISION and ORDER**

## **I. BACKGROUND**

Eleven years have passed since plaintiff Crucible Materials Corporation ("plaintiff" or "Crucible") filed this action against various insurers seeking indemnification for costs associated with its environmental indiscretions.  Since then, the parties have made countless motions, including a slew of motions for summary judgment which yielded three written decisions.  See Crucible Materials Corp. v. Aetna Cas. & Sur. Co., No. 97-CV-759, 1998 WL 404239 (N.D.N.Y. July 15, 1999); Crucible Materials Corp. v. Aetna Cas. & Sur. Co., No. 97-CV-759, 2000 WL 748104 (N.D.N.Y. June 5, 2000); Crucible Materials Corp. v. Aetna Cas. & Sur. Co., 228 F. Supp. 2d 182 (N.D.N.Y. 2001).  In light of these earlier decision, familiarity with the factual and procedural background of this case is presumed.

In Crucible Materials Corporation v. Aetna Casualty & Surety Company, 228 F. Supp. 2d 182 (N.D.N.Y. 2001) ("2001 decision"), the judge to whom this case was previously assigned granted defendant Travelers's (formerly known as Aetna Casualty and Insurance

Company) motion for summary judgment in its entirety, dismissing Travelers from the action. Id. at 202. The parties were directed to submit additional briefing on the question whether Crucible is entitled to coverage under its excess liability policies with defendant Certain Underwriters at Lloyd's, London, and London Market Companies ("London") in light of the dismissal of Travelers, the primary insurer, from the action. Id. at 200. The parties have submitted supplemental memoranda of law addressing that question.

In addition, Crucible and London have filed various motions. Crucible moves for clarification and/or reconsideration of the 2001 decision. Travelers opposes. London also moves for reconsideration of the 2001 decision and to strike part of an affidavit submitted by Crucible in support of its motion for clarification and/or reconsideration. Crucible opposes.

The case was reassigned on December 13, 2006. Oral argument was heard on May 30, 2007, in Utica, New York. Decision was reserved.

## II. DISCUSSION

### A. Excess Liability Coverage

To reiterate, the question remaining from the 2001 decision is whether, in light of Travelers's dismissal from the action, Crucible is entitled to coverage under its 1968 excess liability policy with London.

Crucible contends that the 1968 excess liability policy with London incorporated the terms of its excess liability policies with Travelers, which provided for excess liability coverage in the absence of primary coverage. However, Crucible has not produced a copy of the excess liability policy in question. Nor has it submitted any evidence that tends to show that the excess liability policy with London incorporated the terms of the Travelers

policies. To be sure, the unsupported assertions by Crucible's attorneys that such incorporation did occur do not constitute admissible evidence.

Moreover, London has raised serious doubts as to whether Crucible is entitled to coverage under the excess liability policy in question. London points to a policy form allegedly used by Crucible in the London Insurance Market around 1968, which did not provide for excess liability coverage in the absence of primary coverage. London also points out that even assuming that Crucible is entitled to excess liability coverage under the policy in question, it was in excess of $4 million and Crucible has not alleged damages in excess of $4 million at any one site.

In any event, as the party seeking indemnification under the 1968 excess liability policy with London, Crucible has the burden of proving its terms. It has failed to do so. Therefore, the remaining portion of London's prior motion for summary judgment will be granted. Since there is no evidence that Crucible is entitled to coverage under its 1968 excess liability policies with London with respect to any of the other sites, London will also be dismissed from the action.

### B. Motions

Crucible's motion for clarification and/or reconsideration of the 2001 decision will be denied as there has been no showing of a need to correct any clear error to prevent a manifest injustice. See Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992).

London's motions for reconsideration of the 2001 decision and to strike will be denied as moot.

## III. CONCLUSION

Accordingly, it is

ORDERED that:

1. The remaining portion of London's prior motion for summary judgment is GRANTED;

2. Crucible's motion for clarification and/or reconsideration is DENIED;

3. London's motions for reconsideration and to strike are DENIED as moot; and

4. The complaint against London is DISMISSED.

The Clerk is directed to enter judgment dismissing the complaint in its entirety.

IT IS SO ORDERED.

_____
United States District Judge

Dated:   June 22, 2007
         Utica, New York.